# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | No. 3:09-00245 |
| ) | |
| BOBBY EUGENE TAYLOR ) | |

## DEFENDANT BOBBY EUGENE TAYLOR SENTENCING MEMORANDUM

## STATEMENT OF THE CASE

The Defendant, Bobby Taylor, was indicted on a single count indictment charging violation of a felon possession of a firearm, Title 18 U.S.C. §922G(1). After pleading not guilty to the offense, the Defendant filed a Motion to Suppress based upon illegal seizure in violation of the Fourth Amendment of the United States Constitution. A hearing on the Motion to Suppress was held on the 16th day of December, 2009, at which time the Court overruled the Motion to Suppress. The Defendant thereafter entered a plea of guilty reserving his right to appeal the overruling of his Motion to Suppress.

## STATEMENT OF THE FACTS

Shortly after 10:00 p.m., on the night of September 14, 2009, the Defendant, Bobby Taylor, was lawfully parked in a parking place in front of 1921 Greenwood Avenue. Taylor was in the drivers seat and in the passenger seat of the car was a friend named Tommy Pillow. At that time, two Metro police officers, Shane Fairbanks and Jamie King, drove by in an unmarked car. The officers stated that they were investigating a possible drug transaction in the area. The officers stopped car and a search of the Defendant produced a Glock pistol, 12.2 grams of marijuana and four Xanax bars. A subsequent search of the trunk of the vehicle revealed a weighing scale and a number of plastic baggies.

# ARGUMENT

While this is a case in which the sentencing guidelines are a factor, following the opinion by the United States Supreme Court in the *United States vs. Booker* 543 U.S. 220, S. Ct.738, 160 L.2d 621 (2005) the guidelines are now effectively advisory and only one of the many factors that the Court may take into account in this sentence. Wooden and rigid application of the sentencing guidelines are no longer appropriate and sentencing must be based on "individual assessment based upon the facts presented" in light of the factors of 18 U.S.C. 3553(a), *Gall vs. U.S.*, _____ U.S. _____ 128 Sup.Ct. 586, 169 Law Ed. 2nd 445 (2007). In reviewing a sentence under the Guidelines the Court may "take the degree of variance into account and consider the extent of deviation from the Guidelines but it may not require "extraordinary" circumstances or employ a rigid mathematical formula using the departures percentage as standard for determining the strength of a justification required for a specific sentence. Such approaches come close to creating an unreasonable mis-presumption for sentences outside the Guideline range." *Gall vs. U.S.*, Page 590.

Furthermore, in light of the recent case of *Nelson vs. U.S.*, No. 08-5657 (S. Ct. Jan 26, 2009) the Supreme Court makes it clear that the guidelines are not even presumed to be correct.

Sentencing must be imposed in according with 18 U.S.C. 3553 of which the guidelines are only a factor. Section (a) of this Title instructs the Court to: "impose a sentence sufficient but not greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection." Section (2) includes these provisions:

      A.    To reflect the seriousness of the offense, to promote respect for the law, and to provide for punishment of the offense;
      B.    To afford adequate deterrence to criminal conduct;
      C.    To protect the public from further crimes of the defendant;
      D.    To provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most

effective manner.

Section 3553(a)1 directs the Court to consider the nature and circumstances of the offense and the history and characteristics of the Defendant and §3553(a)(3) directs the court to consider the kinds of sentences available.

The probation officer calculates the total offense level of twenty-one (21) and a Category IV Criminal History. The Defendant agrees that he is Criminal History IV but believes the total offense level to be seventeen (17) with a guideline range of 37 to 46 months.

## SERIOUSNESS OF THE OFFENSE

The Defendant contends that the possession of the firearm in this case was not to aid in any way the commission of a felony but was possessed because of his justifiable fear of being attacked. The victim had been previously assaulted in a drive-by shooting whereby bullets passed through the house that he was occupying and struck his body in numerous places seriously injuring him. Defendant has been through rehabilitation but still retains disability as a result of this injury. He continues to need medication regularly and more importantly, suffers the mental effects of the injury. Although illegal, he, in his own mind, believed that he needed to carry the pistol for his own protection. The Defendant did not attempt to use the firearm and surrendered it peacefully when accosted by the officers.

## CHARACTERISTICS OF THE DEFENDANT

The Defendant has numerous previous arrests and convictions which places him in Criminal History Category IV. However, Defendant suggests that his Criminal History Category greatly

overstates his actual criminal culpability. All but one of his convictions are misdemeanor charges, most for simple possession of marijuana. The last offense and the one to which he pled guilty was a felony possession of marijuana but it consisted of a small amount of marijuana and did not involve a sale or attempt to sell. None of the cases in which the Defendant has been charged with or convicted involved a sale of marijuana.

Prior to the Defendant's injury and despite coming from a broken, he had a record of steady employment working for numerous fast food restaurants. Following his injury and when able, he continued his employment.

The Defendant though not married is a loving father who supports his children.

## TREATMENT AND REHABILITATIVE CARE

The Defendant has suffered from serious physical injury and associated mental problems. Because of that medical treatment is appropriate in his case. Because of his history of drug use, some of which is attributable to his injury, he would benefit also from drug treatment.

## CONCLUSION

The Defendant is not a violent person and a lengthy incarceration in this case would serve no justifiable purpose. The Defendant suggests that a sentence of twenty-four (24) months would satisfy the demand of 18 U.S.C. §3553. If the Court does not depart below the Guidelines and that

-4-

a minimum sentence in accordance with the Guideline be imposed is appropriate. The Court should recommend he serve any sentence imposed in a medical or drug treatment facility.

Respectfully submitted,

/s James W. Price, Jr.
James W. Price, Jr., #3538
Attorney for Defendant
Suite 1800, 201 4th Avenue North
Nashville, TN 37219
(615) 244-5772

**CERTIFICATE OF SERVICE**

I certify that I have placed a true and exact copy of the foregoing document was sent via Electronic Filing with the U.S. Courts, on this the 9th day of March, 2010 to Ms. Brooklyn Sawyers, Assistant U.S. Attorney, U.S. Attorney's Office, 110 Ninth Avenue South, Suite A-961, Nashville, TN 37203-3870.

/s James W. Price, Jr.
James W. Price, Jr.

-5-